UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD WHETSELL,

    Plaintiff,

v.                                                   Case No:  2:14-cv-316-FtM-29DNF

M & M REALTY SOLUTIONS, LLC, a
Florida limited liability company, and
ANGEL GONZALEZ, an individual,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        On February 19, 2015, the Court entered an Order (Doc. 21) permitting attorney Jason L. Gunter to withdraw as counsel for defendants Angel Gonzalez and M & M Realty Solutions, LLC.  The Order specified that Mr. Gonzalez had thirty (30) days from the date of the Order, in which to retain new counsel and have new counsel file a notice of appearance or to notify the Court that he wished to proceed *pro se*, which is without benefit of counsel.  The Order also specified that M & M Realty Solutions, LLC, could not proceed without counsel because it is a corporation, and that it must secure counsel with thirty (30) days from the date of the Order.  According to the Order, if defendants did not comply, the Court would recommend that defaults be entered against them.

        When defendants failed to comply with the Court's Order, the Court entered an Order to Show Cause (Doc. 22) on March 30, 2015, requiring defendants to show good cause within fourteen (14) days for its failure to comply with the Court's previous order.  The fourteen (14)

day time period has passed and defendants have failed to show good cause for their noncompliance. Accordingly,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

The District Court direct the clerk to enter defaults against defendants Angel Gonzalez and M & M Realty Solutions, LLC.

**Respectfully recommended** in Chambers in Fort Myers, Florida on April 27, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**
Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02


Copies furnished to:

Counsel of Record
Unrepresented Parties