UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD WHETSELL, an individual,

    Plaintiff,

v.      Case No: 2:14-cv-316-FtM-29MRM

M&M REALTY SOLUTIONS, LLC, a Florida limited liability company and ANGEL GONZALEZ, an individual,

    Defendants.

### ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Final Judgment (Doc. #28) filed on July 20, 2015. No responses have been filed and the time to respond has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On June 9, 2014, plaintiff filed a Complaint (Doc. #1) and is currently proceeding on his Amended Complaint (Doc. #4) against his previous employer M&M Realty Solutions, LLC (M&M Realty), and operator of the company Angel Gonzalez (Gonzalez). Plaintiff seeks damages for unpaid overtime compensation under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* (FLSA) (Count I), violations

of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.* (Count II), and violations of 26 U.S.C. § 7434 due to defendants' policy of misclassifying plaintiff (Count III).

Defendants answered the Complaint on July 24, 2014. (Doc. #13.)  Counsel for both defendants moved to withdraw on February 16, 2015. (Doc. #20.)  The Court granted the motion and directed Gonzalez to retain new counsel or notify the Court that he intended to proceed *pro se*.  (Doc. #21.)  Because corporations cannot represent themselves, the Court instructed M&M Realty to retain new counsel and have new counsel file a notice of appearance in this matter within thirty (30) days. (Id.)  The Court made clear that failure to comply with the Court's Order may result in a default entered against the defendants. (Id.)

Defendants failed to comply with the Court's Order.  An Order to Show Cause was issued and defendants failed to respond. (Doc. #22.)  Consequently, a Clerk's Entry of Default (Doc. #26) was issued against both defendants.  Therefore, plaintiff has complied with the necessary prerequisite under Fed. R. Civ. P. 55(a) for a default judgment.

**II.**

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus

established.  [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

   *A. Allegations of the Complaint*

   Upon information and belief at all relevant times, M&M Realty was an enterprise engaged in interstate commerce, or the production of goods for interstate commerce, with an annual gross revenue in excess of $500,000.  (Doc. #4, ¶ 6.)  Defendant Gonzalez owned and/or operated M&M Realty and exercised his authority to hire and fire employees, determine work schedules, and control finances. Plaintiff was an employee of defendants.  (Id. ¶ 7.)

   Plaintiff was employed by defendants as a property manager from approximately May 2012 to May 30, 2013.  (Id. ¶ 25.) Plaintiff was paid $400.00 per week for a forty (40) hour workweek. (Id. ¶ 14.)  Plaintiff was misclassified as an independent contractor.  (Id. ¶ 31.)  Plaintiff was not compensated at a rate of one and one-half times his regular rate of pay for hours worked in excess of the forty hour workweek.  (Id. ¶ 26.)


*B. FLSA Claim*

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008); Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); Vestey v. Publix Super Markets, Inc., No. 13-CV-2281, 2013 WL 5929061, at *2 (M.D. Fla. Nov. 1, 2013).

By defaulting, defendants admit that plaintiff was employed by them during the relevant time period; admits that it was an enterprise within the definition of the FLSA; and admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that defendants are liable to pay plaintiff overtime wages he is owed for his work. Deeming all factual allegations as true and admitted, the Court finds that the Amended Complaint is adequately pled to support the entry of a default judgment against defendants as to Count I.

Finding no evidence presented or damages sought as to Counts II and III, the Court will dismiss these counts without prejudice.

**III.**

In his Declaration (Doc. #28-1), Plaintiff states that he was employed from approximately May 7, 2012, through May 31, 2013 and worked approximately 41-48 hours per week.  Plaintiff worked a total of 66 overtime hours throughout his employment with defendants for which he received no compensation.  Plaintiff seeks $990.00 in unpaid overtime compensation (one and one half times the $10.00 per hour equivalent of his salary).  Plaintiff also seeks liquidated damages equal to the total of the unpaid overtime compensation in the amount of $990.00.  Finding no records available to the contrary, the Court finds that plaintiff is entitled to the requested actual damages of $990.00, and liquidated damages of $990.00 for a total of $1,980.00.

Plaintiff also seeks attorney's fees and costs.  A Court, in addition to any judgment awarded to plaintiff, "shall . . . allow a reasonable attorney's fees to be paid by the defendant[s], and costs of the action."  29 U.S.C. § 216(b).  Plaintiff has provided the Declaration of Bradley Paul Rothman (Doc. #28-4) of Weldon & Rothman, PL., a Board Certified Labor and Employment Law attorney.  Mr. Rothman provided legal services to plaintiff at the rate of $300.00 per hour.  Mr. Rothman expended 21.9 hours of time on the case for a total of $6,570.00 in attorney's fees.  Plaintiff also incurred the cost of the filing fee in the amount of $400.00.

Considering the procedural history of the case, the Court finds that the rate and the hours expended on this matter are reasonable. Therefore, attorney fees will be granted. The costs are otherwise taxable and therefore will also be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Final Judgment (Doc. #28) is **GRANTED** in favor of plaintiff as to Count I as follows:

    A. Plaintiff is awarded $990.00 for overtime compensation, plus an equal amount of liquidated damages, for a total of $1,980.00; and

    B. Plaintiff is awarded $6,570.00 in attorney's fees and $400.00 in taxable costs pursuant to 29 U.S.C. § 216(b).

2. Counts II and III are **dismissed** without prejudice.

3. The Clerk shall enter judgment accordingly, terminate all deadlines as moot, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___10th___ day of February, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record